UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL BUTLER,

      Plaintiff,

v.                                                                  Case No. 1:15-cv-103
                                                                    Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits (DIB).

Plaintiff was born in 1960. PageID.164. She completed high school and had past employment as an optician, receptionist and cashier. PageID.45, 168. Plaintiff alleged a disability onset date of January 1, 2011, which was later amended to September 1, 2011. PageID.38, 164. She identified her disabling conditions as deformed spine, back pain due to scar tissue from surgery, arthritis, depression, anxiety, insomnia and bursitis. PageID.167. The administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on August 29, 2013. PageID.38-46. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

### I.  LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence.  42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990).  "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).  A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only.  This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).  The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits.  A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  *See* 20 C.F.R. § 404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923

(6th Cir. 1990).  In applying the above standard, the Commissioner has developed a five-step

analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability.  First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits.  Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability.  A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities."  Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience.  Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled.  For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations

caused by her impairments and the fact that she is precluded from performing her past relevant work

through step four.  *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003).

However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant

number of jobs in the economy that accommodate the claimant's residual functional capacity

(determined at step four) and vocational profile."  *Id.*  If it is determined that a claimant is or is not

disabled at any point in the evaluation process, further review is not necessary.  *Mullis v. Bowen*, 861

F.2d 991, 993 (6th Cir. 1988).

## II.  ALJ'S DECISION

Plaintiff's claim failed at the fourth step of the evaluation.  At the first step, the ALJ

found that plaintiff had not engaged in substantial gainful activity since her amended onset date of

September 1, 2011, and that she meets the insured status requirements of the Act through September

30, 2014.  PageID.40.  At the second step, the ALJ found that plaintiff had severe impairments of

degenerative disc disease and right hip bursitis.  *Id.*  At the third step, the ALJ found that plaintiff

did not have an impairment or combination of impairments that met or equaled the requirements of

the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  PageID.41.

> The ALJ decided at the fourth step that:

> [T]he claimant has the residual functional capacity to perform a range of sedentary
> work as defined in 20 CFR 404.1567(a) of the Regulations.  Claimant is able to lift
> up to ten pounds occasionally, and to stand or walk for about two hours and sit for
> up to six hours in an eight-hour workday, with normal breaks.  Claimant is able to
> climb, balance, stoop, kneel, crouch, and crawl occasionally.  She must avoid
> concentrated exposure to cold and wetness.

*Id.*  The ALJ also found that plaintiff is capable of performing her past relevant work as a

receptionist and an optician, work which does not require the performance of work-related activities

precluded by her residual functional capacity (RFC). PageID.45.  Although the ALJ acknowledged

plaintiff's amended onset date of September 1, 2011, he found that plaintiff has not been under a

disability, as defined in the Social Security Act, from January 1, 2011 (the original alleged onset

date) through August 29, 2013 (the date of the decision).  PageID.45-46.

### III.  ANALYSIS

Plaintiff did not set forth a Statement of Errors as directed by the Court.  *See* Notice

(docket no. 9).[1]  After reviewing plaintiff's brief, the Court has gleaned the following issue on

appeal:

---

[1]Counsel is advised that failure to set forth a Statement of Errors as directed may result in non-conforming pleadings being stricken.

**The ALJ's decision mishandles the treating source opinion of her primary care doctor, Saleh Dyke, M.D., wrongly failing to give it controlling weight and wrongly failing, when assessing the correct weight, to follow the proper procedure, give good reasons for how it is weighed, and failing to base the weight on the evidence.**

A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). "The treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once, or who has only seen the claimant's medical records." *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). *See* 20 C.F.R. § 404.1527(c)(2) ("Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations").

Under the regulations, a treating source's opinion on the nature and severity of a claimant's impairment must be given controlling weight if the Commissioner finds that: (1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case record. *See Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375 (6th Cir. 2013). Finally, the ALJ

must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v.*

*Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. § 404.1527(c)(2)

("[w]e will always give good reasons in our notice of determination or decision for the weight we

give your treating source's opinion").

The ALJ addressed Dr. Dyke's opinion as follows:

> At hearing, claimant testified that she visits Dr. Dyke about once monthly for
> a variety of reasons, including pain medication management.  She said that she takes
> OxyContin for pain as well as Norco for break-through pain.  She stated that she also
> takes Xanax and Ambien.

> \*         \*         \*

> I must assign little weight to the opinion statement of Dr. Dyke in exhibit 9F.
> Although I recognize the primary care physician's treating relationship to the
> claimant with the opportunity to examine and to treat the claimant, the proposed
> limitations are out of proportion greatly with the objective evidence. The
> post-surgical imaging studies are not particularly convincing either.

PageID.44.

Dr. Dyke's opinion sets forth limitations in a "Medical provider's assessment of

patient's ability to do physical work-related activities." PageID.408-413.[2]   Plaintiff objects to the

ALJ's finding that the doctor's opinion is "out of proportion greatly with the objective evidence."

First, plaintiff states that the decision failed to mention either the sacralization of her lumbar spine

(a congenital anomaly) or an ongoing series of injections at the pain clinic.  Plaintiff continues:

> Second, Dr. Dyke's opinion is mostly identical to the RFC assessed by the
> Decision.  The Decision limits Ms. Butler to lifting 10 lbs. occasionally. (AR:16).
> Dr. Dyke said the same thing.  (AR:378).   The Decision said she could only
> occasionally climb, balance, stoop, kneel, crouch and crawl. (AR:16).  Dr. Dyke did
> not mention balancing and said Ms. Butler should never stoop, but he also said that

---

[2] It is unclear when the doctor signed the opinion.  While the opinion is dated "09/2011," it lists the
date of first treatment as "09/2011" and the most recent treatment as "07/24/2013."  PageID.411.

she would be limited to occasional climbing, kneeling, crouching and crawling. (AR:379). The Decision says she should avoid concentrated exposure to cold and wet. (AR:16). Dr. Dyke said she could only frequently work in wetness, but could work only occasionally in temperature extremes. (AR:380). In these ways the RFC and Dr. Dyke are practically identical.

They do differ in the limitation of sitting. Both the Decision and Dr. Dyke limit Ms. Butler to 2 hours of standing and walking in an 8-hour day. (AR:16, 378). But while the Decision limits Ms. Butler to 6 hours of sitting, Dr. Dyke limits her to 4 hours. (AR:16, 378). That is the only material difference in their assessments of Ms. Butler's work limitations. If the RFC assessment in the Decision is proportional to the objective evidence, then Dr. Dyke cannot be "greatly" out of proportion to that same evidence. The 2-hour difference in the ability to stand is not a dramatic difference.

PageID.431-432.

The Court notes that the ALJ did not address any of Dr. Dyke's limitations. Contrary to the ALJ's statement that Dr. Dyke's limitations were "greatly out of proportion with the objective evidence," it appears that many of the doctor's limitations were consistent with the ALJ's own RFC determination addressed in plaintiff's brief, *supra*. Dr. Dyke identified a number of other limitations, e.g.: that plaintiff should never work at unprotected heights or with dangerous moving machinery; that she should avoid "work hazards;" that she can ride in a car but should not drive for work; that plaintiff's reported need to recline throughout the day, "especially with activity," is a reasonable accommodation to her pain; and that she needs to change position between sitting and standing "as needed." PageID.408-413. Finally, the ALJ did not identify the objective evidence that was inconsistent with the doctor's restrictions.

Based on this record, the ALJ did not give good reasons for the weight assigned to Dr. Dyke's opinion. *See Wilson*, 378 F.3d at 545; 20 C.F.R. § 404.1527(c)(2). Accordingly, this

matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the Commissioner should re-evaluate Dr. Dyke's opinion.

### IV.  CONCLUSION

For the reasons discussed, the Commissioner's decision will be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the Commissioner is directed to re-evaluate Dr. Dyke's opinion. A judgment consistent with this opinion will be issued forthwith.


Dated:  March 24, 2016                         /s/ Ray Kent
                                               RAY KENT
                                               United States Magistrate Judge